**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| MIB, LLC,<br>RYAN POLOKOFF,<br>SABINE KISSEE,<br><br>              Plaintiffs,<br><br>          v.<br><br>MIKE FIELD individually, and in their official capacities as Members of the Board of Zoning Appeals for the City of Noblesville, Indiana,<br>DAVE BURTNER individually, and in their official capacities as Members of the Board of Zoning Appeals for the City of Noblesville, Indiana,<br>JIM HANLON individually, and in their official capacities as Members of the Board of Zoning Appeals for the City of Noblesville, Indiana,<br>DAN MAC INNIS individually, and in their official capacities as Members of the Board of Zoning Appeals for the City of Noblesville, Indiana,<br>LAUREN WAHL individually, and in their official capacities as Members of the Board of Zoning Appeals for the City of Noblesville, Indiana,<br>CALEB GUTSCHALL individually, and in his official capacity as Director, Department of Planning and Development, City of Noblesville, Indiana,<br>AARON SMITH Individually, and in their Official Capacities Members of the Common Council of the City of Noblesville,<br>DARREN PETERSON Individually, and in their Official Capacities Members of the Common Council of the City of Noblesville,<br>BRIAN AYER Individually, and in their Official Capacities Members of the Common Council of the City of Noblesville,<br>MARK BOICE Individually, and in their Official Capacities Members of the Common Council of the City of Noblesville, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Case No. 1:23-cv-00001-TWP-TAB |

MIKE DAVIS Individually, and in their Official )
Capacities Members of the Common Council of )
the City of Noblesville, )
PETE SCHWARTZ Individually, and in their )
Official Capacities Members of the Common )
Council of the City of Noblesville, )
DAN SPARTZ Individually, and in their Official )
Capacities Members of the Common Council of )
the City of Noblesville, )
GREG O'CONNOR Individually, and in their )
Official Capacities of Members of the Common )
Council of the City of Noblesville, )
MEGAN WILES Individually, and in their )
Official Capacities Members of the Common )
Council of the City of Noblesville, )
 )
    Defendants. )

## ORDER ON DEFENDANTS' MOTION TO DISMISS, PLAINTIFFS' VERIFIED MOTION FOR IMMEDIATE, *EX PARTE* TEMPORARY RESTRAINING ORDER, AND DEFENDANTS' MOTION TO EXCLUDE TESTIMONY

This matter is before the Court on a Motion to Dismiss filed by Defendants, who are members and staff of the Noblesville Board of Zoning Appeals ("BZA"), members of the Common Council of the City of Noblesville (the "Council"), and the Director of the Department of Planning and Development for the City of Noblesville (collectively, "Defendants") (Filing No. 49). Also before the Court is a Verified Motion for Immediate, *Ex Parte* Temporary Restraining Order ("Motion for TRO") filed by Plaintiffs MIB, LLC ("MIB"), Ryan Polokoff, and Sabine Kissee (collectively, "Plaintiffs") (Filing No. 32) and Defendants' Motion to Exclude Testimony at September 6 Hearing ("Motion to Exclude Testimony") (Filing No. 57).

In November 2020, MIB began operating a business in the City of Noblesville, Indiana ("Noblesville" or the "City"). Plaintiffs initiated this action after the BZA determined that MIB was operating a "Sex Shop," as defined by City ordinance, and prohibited MIB from operating its retail and internet business from its leased property in Noblesville. For the following reasons, the

Court **grants** Defendants' Motion to Dismiss and **denies as moot** Plaintiffs' Motion for TRO and Defendants' Motion to Exclude Testimony.

## I.    BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of Plaintiffs as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

### A.    MIB's Business, Products, and Marketing

MIB has operated a retail and internet business, known as "My Inner Baby," from a leased property in Noblesville since November 3, 2020 (Filing No. 34-1 at ¶ 25). MIB primarily sells adult-size baby products, including adult diapers, adult-sized changing pads, other adult incontinence supplies, adult-sized "onesies," baby bottles, rattles, and other baby toys. *Id.* at ¶¶ 27–28. MIB uses several "hashtags" in its social media posts and marketing materials, including: #CGL (Care Giver/Little); #ddlg (Daddy Dom/Little Girl); and #AB/DL (Adult Baby/Diaper Lover). *Id.* at ¶¶ 32, 54.

### B.    BZA Determination and MIB's Appeal

On or about April 26, 2022, MIB received a Letter of Determination from Defendant Caleb Gutshall ("Gutshall"),[1] the Director of the Department of Planning and Development for Noblesville. *Id.* at ¶ 34. The letter stated the City had made a determination (the "Determination") that MIB was a "Sex Shop" and was selling sexually oriented toys and/or novelties in violation of Article 2 of the Noblesville Unified Development Ordinances (the "UDO"). *Id.*

---

[1] Gutshall's last name was incorrectly spelled "Gutschall" in Plaintiffs' original pleadings.

MIB appealed the Determination on May 27, 2022. *Id.* at ¶ 37. On August 1, 2022, the BZA held

a public hearing on MIB's appeal. The BZA received evidence and testimony from the City, MIB,

and third parties. *Id.* at ¶¶ 39–45. At the conclusion of the hearing, the BZA voted unanimously to

deny MIB's appeal. *Id.* at ¶ 46. On August 8, 2022, Gutshall sent a letter to MIB stating its appeal

had been denied based on his determination that the proposed use of MIB's leased property would

fall under the "Sex Shop land use classification" based on the UDO. *Id.* at ¶¶ 48–50. The City also

sent an email to counsel for MIB, stating that e-commerce may not take place at any address subject

to zoning enforcement. MIB therefore could not operate its retail or internet business from its

leased property in Noblesville. *Id.* at ¶¶ 51–52.

**C.      MIB's Petition for Judicial Review**

On August 9, 2022, MIB sought judicial review of the Determination. MIB filed a Verified Petition

for Judicial Review in the Hamilton County Circuit Court under Case No. 29C01-2208-PL-005996

(the "State Court Case"). *Id.* at ¶ 60; *MIB LLC v. Board of Zoning Appeals for the City of

Noblesville, Indiana*, No. 29C01-2208-PL-005996 ("*MIB I*").[2] MIB named the BZA and Gutshall

as defendants.[3] Under Indiana Code § 36-7-4-1613, a petitioner seeking judicial review of a board

determination must file an original or certified copy of the board record within thirty days of filing

a petition for judicial review, or within further time allowed by the court.

On August 24, 2022, counsel for the BZA informed MIB's counsel that the certified board record

would be "available in short order" (Filing No. 34-1 at ¶ 62). BZA's counsel gave no indication

that the board record would not be available before September 8, 2022. *Id.* at ¶ 63. However, MIB

---

[2] "A court may consider judicially noticed documents without converting a motion to dismiss into a motion for summary judgment. Judicial notice of . . . documents contained in the public record . . . is proper." *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998).

[3] Verified Certificate of Issuance of Summons and Notice of Service, *MIB I* (filed Aug. 10, 2022).

did not receive the board record, so on September 9, 2022, MIB filed a certified transcript from the August 1, 2022 public hearing. *Id.* at ¶ 64. MIB did not request an extension of its deadline to file the original or certified board record. *See generally MIB I.*

On September 20, 2022, the defendants in the State Court Case moved to dismiss the case, arguing that MIB failed to timely file the board record under Indiana Code § 36-7-4-1613 ([Filing No. 34-1 at ¶ 66](#)).[4] MIB filed a response in opposition on September 29, 2022.[5] On October 10, 2022, the state court granted the motion to dismiss. *Id.* at ¶ 67.[6]

## D.    Procedural History

On January 1, 2023, MIB and its members, Ryan Polokoff and Sabine Kissee, initiated this federal action ([Filing No. 1](#)). On May 31, 2023, Plaintiffs filed their Motion for TRO, which is set for hearing on September 6, 2023 ([Filing No. 32](#); [Filing No. 40](#)). On July 17, 2023, Defendants filed the instant Motion to Dismiss, which is now fully briefed and ripe for review ([Filing No. 49](#)). Defendants recently filed their Motion to Exclude Testimony ([Filing No. 57](#)) in preparation for the September 6, 2023 TRO hearing. The Court will address Defendants' Motion to Dismiss and, because Defendants are entitled to judgment, the Court will briefly address Plaintiffs' Motion for TRO and Defendants' Motion to Exclude Testimony.

## II.    DEFENDANTS' MOTION TO DISMISS

## A.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations

---

[4] Motion to Dismiss and Vacate the Hearing on September 22, 2022, *MIB I* (filed Sept. 20, 2022).

[5] Response to Respondent/Appellee's Motion to Dismiss, *MIB I* (filed Sept. 29, 2022).

[6] Order on Motion to Dismiss, *MIB I* (dated Oct. 10, 2022).

in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633.

However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions

of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United States

Supreme Court explained that the complaint must allege facts that are "enough to raise a right to

relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual

allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the

elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581

F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of

a claim without factual support"). The allegations must "give the defendant fair notice of what the

. . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently,

the complaint must include "enough facts to state a claim to relief that is plausible on its face."

*Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted).

To be facially plausible, the complaint must allow "the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(citing *Twombly*, 550 U.S. at 556).

B.    **DISCUSSION**

Defendants assert several grounds for dismissal. They primarily argue that this action is

barred by the doctrine of res judicata, also called claim preclusion, because Plaintiffs could have

litigated their claims in the State Court Case. Defendants also argue Plaintiffs have not sufficiently

alleged claims against Defendants in their individual or official capacities, and that some

Defendants are entitled to immunity. Defendants' claim preclusion arguments are dispositive, so the Court will address those arguments first.

The doctrine of claim preclusion ensures the finality of decisions. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). It "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Id*. In order for claim preclusion to apply,

> (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies.

*Freels v. Koches*, 94 N.E.3d 339, 342 (Ind. Ct. App. 2018).[7] Plaintiffs only contend that the second element—a former judgment "on the merits"—is not satisfied here (Filing No. 53 at 7).

Plaintiffs argue that the State Court Case does not have preclusive effect on this action for two reasons. First, the State Court Case only resolved "the issue of whether the Plaintiffs had satisfied the requirement to file the original or a certified copy of the Board record within thirty (30) days of filing the petition for judicial review" (Filing No. 53 at 7). Second, a dismissal under Indiana Code § 36-7-4-1613 operates as a dismissal for lack of jurisdiction, not a judgment on the merits. *Id.* at 8. Neither of Plaintiffs' arguments comports with well-established caselaw on claim preclusion or Indiana caselaw interpreting Indiana Code § 36-7-4-1613.

### 1. Lack of Resolution of Other Issues

The caselaw is clear: claim preclusion applies if "the matter now in issue was, *or could have been*, determined in the prior action," and "all matters that were *or might have been* litigated

---

[7] The parties both cite the elements of claim preclusion under Illinois and Wisconsin law, as recited by the Seventh Circuit, but "[i]n determining whether res judicata applies, federal courts apply the preclusion law of the state that rendered the judgment," which in this case is Indiana. *Woods v. Wells Fargo Fin. Bank*, 753 F. Supp. 2d 784, 789 (S.D. Ind. 2010) (citing *Hicks v. Midwest Transit, Inc.*, 479 F.3d 468, 471 (7th Cir. 2007) (citations omitted)). However, the elements of claim preclusion under Illinois, Wisconsin, and Indiana law are substantially the same.

are deemed conclusively decided by the judgment in the prior action." *Freels*, 94 N.E.3d at 342
(emphasis added); *see also M.G. v. V.P.*, 74 N.E.3d 259, 264 (Ind. Ct. App. 2017); *Dawson v.
Estate of Ott*, 796 N.E.2d 1190, 1195 (Ind. Ct. App. 2003). The United States Supreme Court and
Seventh Circuit Court of Appeals have repeatedly explained that while "issue preclusion
(sometimes called collateral estoppel) . . . precludes a party from relitigating an issue actually
decided in a prior case and necessary to the judgment . . . , claim preclusion prevents parties from
raising issues that could have been raised and decided in a prior action—*even if they were not
actually litigated*." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589,
1594 (2020) (emphasis added); *see, e.g.*, *Brownback v. King*, 141 S. Ct. 740, 747 n.3 (2021)
("Claim preclusion prevents parties from relitigating the same 'claim' or '"cause of action,"' even
if certain issues were not litigated in the prior action." (quoting *Lucky Brand Dungarees*, 140 S.
Ct. at 1594–95)); *Lee v. City of Peoria*, 685 F.2d 196, 199 (7th Cir. 1982) ("The crucial distinction
between the preclusive effect of [claim preclusion] and [issue preclusion] is that [claim preclusion]
bars not only those issues which were decided in the prior action but also any issues which could
have been raised.").

Plaintiffs do not dispute that the claims and issues raised in this action *could have been*
raised, litigated, and decided in the State Court Case (Filing No. 53 at 7 (stating Plaintiffs do not
dispute there is an identity of the causes of action in this case and the State Court Case)). Claim
preclusion therefore bars this action, even though certain issues in this action were not actually
raised or decided in the State Court Case.

2. **Dismissal Under Indiana Code § 36-7-4-1613**

Indiana Rule of Trial Procedure 41(B) governs involuntary dismissals and provides that
"[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision
. . . other than a dismissal for lack of jurisdiction, operates as an adjudication upon the merits."

8

The State Court Case dismissal order does not specify that the judgment is not on the merits, but

Plaintiffs contend that a dismissal under Indiana Code § 36-7-4-1613 ("Section 1613") operates as

a dismissal for lack of jurisdiction (Filing No. 53 at 8).

Section 1613 states, in relevant part:

> (a)    Within thirty (30) days after the filing of the petition, or within further time allowed by the court, the petitioner shall transmit to the court the original or a certified copy of the board record for judicial review of the zoning decision . . . .
>
> (b)    Any extension of time in which to file the record shall be granted by the court for good cause shown. Inability to obtain the record from the responsible board within the time permitted by this section is good cause. Failure to file the record within the time permitted by this subsection, including any extension period ordered by the court, is cause for dismissal of the petition for review by the court, on its own motion, or on petition of any party of record to the proceeding.

Ind. Code § 36-7-4-1613(a)–(b). Though some Indiana courts have described this timely filing

requirement as prerequisite to courts obtaining "jurisdiction" over a petition for judicial review,

the Indiana Supreme Court and Court of Appeals have clarified that this requirement does not

actually implicate subject matter jurisdiction or personal jurisdiction.

In *Wayne County Property Tax Assessment Board of Appeals v. United Ancient Order of*

*Druids-Grove #29*, 847 N.E.2d 924, 926 (Ind. 2006) ("*Wayne County*"), the Indiana Supreme

Court held that a similar timely filing requirement under the Administrative Orders and Procedures

Act (the "AOPA"), was procedural, not jurisdictional. The AOPA governs the timing for filing

agency records in property tax assessment appeals, and Indiana Code § 33-26-6-2(a) provides that

if a petitioner fails to comply with the AOPA, then "the tax court does not have jurisdiction to hear

the appeal." In interpreting this language, the Indiana Supreme Court concluded that "[t]he timing

of filing the agency record implicates neither the subject matter jurisdiction of the Tax Court nor

personal jurisdiction over the parties. Rather, *it is jurisdictional only in the sense that it is a*

*statutory prerequisite to the docketing of an appeal in the Tax Court*." *Wayne County*, 847 N.E.2d at 926 (emphasis added).

In *Packard v. Shoopman*, 852 N.E.2d 927 (Ind. 2006), the Indiana Supreme Court likewise found that the timely filing requirement for petitions for judicial review of Indiana Board of Tax Review decisions is procedural and not jurisdictional. *Id.* at 930–31. The *Packard* court explained that although Indiana courts had previously described timely filing requirements as implicating the court's "'jurisdiction over the parties and the particular case,'" that phrase does not refer to subject matter or personal jurisdiction. *Id.* at 929–30. The Indiana Supreme Court has "observed that 'jurisdiction over the particular case' is something of a misnomer and refers to failure to meet procedural requirements but does not constitute a limitation on subject matter jurisdiction in the sense that the court cannot hear cases of the same general class.'" *Id.* at 929–30 (quoting *K.S. v. State*, 849 N.E.2d 538, 542 (Ind. 2006)); *K.S.*, 849 N.E.2d at 540 ("Thus, while we might casually say, 'Judge Flywheel assumed jurisdiction,' or 'the court had jurisdiction to impose a ten-year sentence,' such statements do not have anything to do with the law of jurisdiction, either personal or subject matter. *Real* jurisdictional problems would be, say, a juvenile delinquency adjudication entered in a small claims court, or a judgment rendered without any service of process. Thus, characterizing other sorts of procedural defects as 'jurisdictional' misapprehends the concepts." (emphasis in original)).

Most recently, in *Howard v. Allen County Board of Zoning Appeals*, 991 N.E.2d 128 (Ind. Ct. App. 2013), the Indiana Court of Appeals confirmed that a failure to satisfy the timely filing requirement in Section 1613 is "an error of procedure, not of jurisdiction." *Id.* at 130 (stating "[t]he trial court's determination that it lacked jurisdiction was clearly erroneous" but affirming dismissal on other grounds) (citing *Wayne County*, 847 N.E.2d at 926; *K.S.*, 849 N.E.2d at 540); *see Wood*

*v. Scott Cnty. Bd. of Comm'rs*, 162 N.E.3d 1105, 1110 (Ind. Ct. App. 2020) (describing failure to timely file agency record under Section 1613 as a "procedural defect"); *see also Carmel Bd. of Zoning Appeals v. Bidgood*, 120 N.E.3d 1045, 1049 (Ind. Ct. App. 2019) (stating Indiana courts may look to cases interpreting the AOPA when interpreting §§ 36-7-4-1600 through 1616 because the statutes are "identical in all material respects").

This Court agrees with the *Howard* court and with Defendants. Plaintiffs' failure to timely file the board record under Section 1613 was an error of procedure, not of jurisdiction. The dismissal in the State Court Case was therefore a judgment on the merits, not a dismissal for lack of jurisdiction.

In arguing that the timely filing requirement in Section 1613 is jurisdictional, Plaintiffs cite *Teaching Our Posterity Success, Inc. v. Indiana Department of Education*, 20 N.E.3d 149, (Ind. 2014) ("*TOPS*"), and *Indiana State Board of Education v. Brownsburg Community School Corp.*, 813 N.E.2d 330 (Ind. Ct. App. 2004) ("*Brownsburg*"). Neither case is persuasive.

In *TOPS*, the issue before the Indiana Supreme Court was whether dismissal for failure to timely file a board record is mandatory or discretionary under Section 1613. The *TOPS* court did not discuss whether the timely filing requirement is jurisdictional or procedural. *Id.* at 155. Yet Plaintiffs contend that the *TOPS* court "favorably cited" *Brownsburg* "for the proposition that the 'trial court lacked jurisdiction to consider the petition where the petitioning party failed to file the agency record timely'" (Filing No. 53 at 9 (quoting *TOPS*, 20 N.E.3d at 154)). Plaintiffs mischaracterize the *TOPS* court's citation and misinterpret *Brownsburg*.

The *TOPS* court did not "favorably cite" *Brownsburg*. Rather, it included *Brownsburg* in a string of citations showing that Indiana Supreme Court cases had "generated uncertainty on the question of how the statutory mandate for the filing of an agency record should be applied." *TOPS*,

20 N.E.3d at 154. Additionally, although *Brownsburg* stated the trial court "lost jurisdiction" over the judicial review action because the petitioner failed to satisfy the AOPA's timely filing requirement, the *Brownsburg* court appears to have been employing the "somewhat flexible use of the term 'jurisdiction'" that was later rejected by the Indiana Supreme Court and Court of Appeals in *K.S.*, *Wayne County*, *Packard*, and *Howard.* Moreover, to the extent *Brownsburg* did hold that the AOPA's timely filing requirement is jurisdictional, that holding was implicitly overruled by *K.S.*, *Wayne County*, and *Packard*, which all held that the requirement is procedural.

Under clear caselaw from the Indiana Supreme Court and Court of Appeals, the timely filing requirement in Section 1613 is procedural, not jurisdictional. The dismissal in the State Court Case operated as a judgment on the merits pursuant to Indiana Rule of Trial Procedure 41(B), and

Plaintiffs' claims in this action are therefore barred by the doctrine of claim preclusion. Defendants' Motion to Dismiss is **granted**. Because Defendants' claim preclusion arguments are dispositive, the Court does not need to address Defendants' remaining arguments and declines to do so.

### III.   PLAINTIFFS' MOTION FOR TRO AND DEFENDANTS' MOTION TO EXCLUDE TESTIMONY

In light of the Court's ruling on Defendants' Motion to Dismiss, Plaintiffs Motion for TRO and Defendants' Motion to Exclude Testimony are **denied as moot**.

### IV.   CONCLUSION

For the reasons explained above, the Court **GRANTS** Defendants' Motion to Dismiss (Filing No. 49). Because amendment cannot cure the fact that Plaintiffs' claims are barred by the doctrine of claim preclusion, Plaintiffs' claims are **dismissed with prejudice**. The Court further **DENIES as moot** Plaintiffs' Verified Motion for Immediate, *Ex Parte* Temporary Restraining

Order (Filing No. 32) and Defendants' Motion to Exclude Testimony at September 6 Hearing

(Filing No. 57).

The hearing on Plaintiffs' Verified Motion for Immediate, *Ex Parte* Temporary Restraining

Order is hereby **VACATED**, and final judgment will issue under separate order.

**SO ORDERED**.

Date:    8/24/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Michael C. Cooley
ALLEN WELLMAN MCNEW HARVEY
mcc@awmh.net

Beth Ann Copeland
Taft Stettinius & Hollister
bcopeland@taftlaw.com

Chou-il Lee
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
clee@taftlaw.com

Jay Meisenhelder
JAY MEISENHELDER EMPLOYMENT & CIVIL RIGHTS LEGAL SERVICES PC
jaym@ecrls.com

Silvia B. Miller
Allen Wellman McNew Harvey LLP
sbm@awmh.net